IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BUNTING GRAPHICS, INC., BUNTING STAMP COMPANY, INC., 415 WEST WARRINGTON AVENUE, INC., BUNTING 5720, INC., JOSEPH P. BUNTING, AN INDIVIDUAL AND GENERAL PARTNER OF 415 WEST WARRINGTON AVENUE ASSOCIATES; ANDREW BUNTING, AN INDIVIDUAL AND PARTNER OF 415 WEST WARRINGTON AVENUE ASSOCIATES; JOSHUA BUNTING, AN INDIVIDUAL; AND SHANNON BUNTING, AN INDIVIDUAL; <br><br> Defendants, | 2:21-CV-01041-MJH |

**Memorandum Order**

Plaintiff, Travelers Casualty and Surety Company of America, brings the within action arising from its issuance of payments on certain surety bonds against all Defendants for Breaches of Indemnity Contracts (Counts I and II), Unjust Enrichment (Count III), and Specific Performance (Count VI), and against Defendant, Bunting Graphics, for Common Law Indemnification/Reimbursement (Count IV), Exoneration and Qui Timet (Count V). (ECF No. 1).

Defendants now move to stay this action because litigation remains pending in two other federal district courts related to underlying claims made against performance bonds issued by Travelers on two separate construction projections. Specifically, Defendants contend that

practical considerations favor a stay because the amount for which Travelers seeks indemnity is presently unknown. Defendants further maintain that no party will be harmed by a stay and that the parties will conserve their resources until the full nature of the dispute crystallizes. Travelers argues that Defendants' position ignores the explicit language of the indemnity contracts. In particular, Travelers contends the indemnity contracts contain a prima facie clause that grants it the right to settle claims, irrespective of actual liability under the bonds. Therefore, Travelers argues that its claims are ripe regardless of the outcome of any underlying litigation. Travelers further contends that Staying the present matter will only result in additional damages and permits Defendants to continue to avoid their legal obligations.

The Court has "broad discretion to manage its docket." *Trump for President, Inc. v. Boockvar*, 481 F.Supp.3d 476, 502 (W.D. Pa. 2020) (citing *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983); *Mendez v. Puerto Rican Intern. Cos., Inc.*, 553 F.3d 709, 712 (3d Cir. 2009)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Boockvar, supra* at 502 (citing *Hufstedler, supra* at 737).

Here, after a careful review of the pleadings and briefs, the Court finds Defendants' arguments unavailing. The underlying litigation and resultant liability and damages do not impact the operation of the subject indemnity contracts. Therefore, the Court, in its discretion, finds no compelling reason for a stay to be entered in this case.

Accordingly, Defendants' Motion for Stay is denied.

DATED this 6th day of December, 2021.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge