IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | 2:21-CV-01041-MJH |
| vs. | ) ) ) | |
| BUNTING GRAPHICS, INC., BUNTING STAMP COMPANY, INC., 415 WEST WARRINGTON AVENUE, INC., BUNTING 5720, INC., JOSEPH P. BUNTING, AN INDIVIDUAL AND GENERAL PARTNER OF 415 WEST WARRINGTON AVENUE ASSOCIATES; ANDREW BUNTING, AN INDIVIDUAL AND PARTNER OF 415 WEST WARRINGTON AVENUE ASSOCIATES; JOSHUA BUNTING, AN INDIVIDUAL; AND SHANNON BUNTING, AN INDIVIDUAL; | ) ) | |
| Defendants, | | |

OPINION AND ORDER

Plaintiff, Travelers Casualty and Surety Company of America, brings the within action against Defendants for Breaches of Indemnity Contracts (Counts I and II), Unjust Enrichment (Count III), Common Law Indemnification/Reimbursement (Count IV), Exoneration and *Quia Timet* (Count V), and Specific Performance (Count VI). Defendants move to dismiss Counts III, IV, and V pursuant to Fed. R. Civ. P. 12(b)(6). The matter is now ripe for consideration.

Upon consideration of Travelers's Complaint (ECF No. 1), Defendants' Partial Motion to Dismiss (ECF No. 13), the respective responses and briefs (ECF Nos. 14, 20, 21, and 24), and for the following reasons, Defendants' Motion will be denied.

I. Background

Travelers alleges that Defendant, Bunting Graphics, Inc. d/b/a Bunting Architectural Metals ("Bunting"), and the other Defendants executed two general contracts of indemnity for the benefit of Travelers, in 2006 (2006 Indemnity Contract) and 2014 (2014 Indemnity Contract). (ECF No. 1 a ¶¶ 20-25 and ECF No. 1-1 and 1-2). The 2006 and 2014 Indemnity Contracts set forth the named Defendants as Indemnitors. (ECF No. 1 at ¶¶ 20-28). Subsequent to the Contracts' execution, Defendants applied for surety credit from Travelers by requesting that it issue certain surety bonds on behalf of Bunting on various projects. (ECF No. 1 at ¶ 40). In response to the Defendants' request, Travelers issued performance and payment bonds on the following projects, wherein Bunting contracted to provide "building exterior envelope goods and services":

a. PL Pentagon, LLC, in Arlington, Virginia, pursuant to a written subcontract with Whiting-Turner Contracting Company, ("WT Subcontract"). The separate performance and payment bonds each had penal sum in an amount equal to the value of the subcontract, $2,652,500 and named Bunting as the principal obligor ("Principal") and WT as the bond obligee. *Id*. at ¶¶41, 44 and ECF No. 1-5 and 1-6.

b. conversion of a former industrial facility to an office building located in Long Island City, New York, pursuant to a written subcontract with Suffolk Construction Company, Inc. ("Suffolk Subcontract"). The separate performance and payment bonds, each had a penal sum in an amount equal to the value of the subcontract, $5,695,312 and named Bunting as the principal obligor ("Principal") and Suffolk Construction Company as the bond obligee. *Id*. at ¶¶ 41, 47-48 and ECF No. 1-3 and 1-4.

Travelers alleges that Bunting did not perform as required by the Subcontracts. (ECF No. 1 at ¶¶ 49-84). On or about December 2, 2019, Travelers alleges WT filed a Third-Party complaint against Travlers in the United States District Court for the District of Maryland at No. 1:19-cv-02323 seeking damages in excess of $2,800,000 due to the default of Bunting. *Id*. at ¶ 68. In response to the Third Party Complaint, Travelers avers it was obligated to retain counsel and, thereby, to incur Losses. *Id*. at ¶ 69. Based upon Bunting's alleged failure to perform, Travelers

alleges that it has incurred losses and damages and will continue to incur losses and damages by virtue of the 2014 Indemnitors' and 2006 Indemnitors' failure to fulfill their obligations under the 2014 and 2006 Indemnity Contracts. *Id*. at ¶ 82-83. In its Complaint, Travelers seeks damages for Breaches of the 2014 and 2006 Indemnity Contracts (Counts I and II), Unjust Enrichment (Count III), Common Law Indemnification/Reimbursement (Count IV), Exoneration and *Quia Timet* (Count V), and Specific Performance (Count VI).

In their Partial Motion to Dismiss, Defendants seek to dismiss the Unjust Enrichment (Count III), Common Law Indemnification/Reimbursement (Count IV), amd Exoneration and *Quia Timet* (Count V) claims.

II.     Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

III. Discussion

A. Unjust Enrichment

Defendants argue that Travelers's Complaint fails to state a claim for Unjust Enrichment because there exist two express written indemnity agreements between the parties. Specifically, Defendants contend that the that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract.

Defendants also maintain that the "gist of the action" doctrine bars Travelers from asserting an unjust enrichment claim because it is a "non-contract claim." Travelers argues that its Unjust Enrichment claim should not be dismissed at this stage because the Complaint permissibly pleads said claim in the alternative under Fed. R. Civ. P. 8(d). As regard Defendants' "gist of the action" argument, Travelers contend that the defense's argument is best addressed after the motion to dismiss stage.

First, the Court will address the "gist of the action doctrine" argument. As held in *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014):

> [i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Id*. at 68. The parties appear to misunderstand the nature of an unjust enrichment claim. Unjust enrichment does not sound in tort. Rather, "[a]n action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law." *Sevast v. Kakouras,* 591 Pa. 44, 53 n. 7, 915 A.2d 1147 (2007). Under the quasi-contractual doctrine of unjust enrichment, the law "imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another." *Metroclub Condominium Association v. 201-59 North Eighth Street Associates, L.P.*, 47 A.3d 137-148 (Pa. Super. 2012), app. denied, 618 Pa. 689, 57 A.3d 71 (2012); *Thattayathu v. Trikha*, 33 Pa. D. & C. 5th 347, 359 (Lacka. Co. 2013). Defendants have cited no authority in support of their contention that the gist of the action doctrine would apply to an unjust enrichment claim.

5

Thus, the gist of the action doctrine does not bar Travelers's unjust enrichment claim. *See Szymanski v. Sacchetta*, 2011 WL 382631, at *4 (E.D. Pa. Feb. 7, 2011)

Turning to Defendants' other argument, Federal Rule of Civil Procedure 8 explicitly provides that a "party may state as many express claims or defenses it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). "This Rule permits inconsistency in both legal and factual allegations and has been interpreted to mean that a court may not construe a plaintiff's first claim as an admission against another alternative or inconsistent claim." *Indep. Enters. Inc. v. Pitt. Water & Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997).  At the motion to dismiss stage, where a plaintiff  "may not ultimately recover on both a breach of contract claim and an unjust enrichment claim does not impugn the well settled principle that under both federal law and Pennsylvania law a plaintiff may plead both." *Alpha Pro Tech, Inc. v. VWR Int'l LLC*, 984 F. Supp. 2d 425, 445-46 (E.D. Pa. 2013).

Here, at this stage of litigation, the presence of written contracts in the form of the 2006 and 2014 Indemnity Agreements along with corresponding claims for breaches of said agreements does not, in and of itself, foreclose Travelers's unjust enrichment claim.  Defendants may re-raise their arguments once the parties have the benefit of discovery that clarifies their contractual and/or quasi-contractual relationships.

Accordingly, Defendants' Motion to Dismiss, as regards Travelers's Unjust Enrichment claim (Count III), will be denied.

B.     Common Law Indemnity

Defendants next argue that Travelers cannot state a Common Law Indemnity claim because, for the same reasons stated above, courts only recognize it as an equitable remedy and is unavailable where there exists a written indemnity agreement between the parties.  Therefore,

Defendants contend that Travelers may not recast its contractual indemnity claim into a claim of common law indemnity. Defendants also maintain that Travelers fails to allege facts sufficient to support its common law indemnity claim. Travelers contends that is entitled to common law indemnification and reimbursement from Bunting as principal obligor with respect to the losses which Travelers has and/or will incur as a result of issuing the bonds naming Bunting as Principal. Travelers further argues that Bunting has breached the common law duty of indemnification by failing to reimburse Travelers for its damages incurred to date. Finally, it maintains that the Complaint more than sufficiently satisfies a prima facie case of common law indemnification/reimbursement.

In Pennsylvania, the common law right to indemnification arises when both primary and secondary liability exist for an injury. *Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A.2d 368, 370 (Pa.1951). "It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." *Id*. "[S]econdary as distinguished from primary liability rests upon a fault that is imputed or constructive only, [1] being based upon some legal obligation between the parties, or [2] arising from some positive rule of statutory or common law or [3] because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible." *Id*. at 371.

A contractual indemnity claim and a common law indemnity claim may proceed "when there is some question about whether a contract exists or whether certain issues are covered by the contract[.]" *See Fidelity Nat. Title Ins. Co. v. B & G Abstractors, Inc.*, No. 15-00835, 2015 WL 6472216, at *10 (W.D. Pa. Oct. 27, 2015). However, where "there is no dispute that the

parties' [a]greement covers the issue of indemnity.... [a plaintiff's] claim must live or die under the terms of the [a]greement." *Id*.

Here, with regard to the potential cross-over of Travelers's contractual indemnity claims in Counts I and II and its common law indemnity claims in Count IV, Travelers has pleaded that Travelers has pled that, as surety, it is the secondary obligor on the bonds which name Bunting as principal obligor. (ECF No. 1 at ¶ 102). In conjunction with its surety obligations, Travelers alleged that it has incurred damages and losses by issuing payments and incurring expenses due to claims asserted against the bonds. *Id*. at ¶ 103. Further, despite its demands, Travelers alleges that Bunting has failed to reimburse Travelers for these losses and damages. *Id*. at ¶ 106. Contractual indemnity claims aside, Travelers has sufficiently pleaded a common law indemnity claim. With regard to the duality of the contractual and common law indemnity claims, the progression of the ligation may address these issues once the parties conduct discovery and further develop the alleged damages and how said damages may apply only to the contractual claims or to other claims. Therefore, at this stage, Travelers has sufficiently and plausibly pleaded a common law indemnity claim.

Accordingly, Defendants' Motion to Dismiss, as regards Travelers's Common Law Indemnity claim (Count IV), will be denied.

C.  Exoneration/Qui Timet

Finally, Defendants argue that Travelers's fails to state a claim of Exoneration and Quia Timet because the Complaint's allegations are insufficient and because Travelers has an adequate remedy of law. Travelers contends that, at this point in the litigation, the scope of the Indemnity Contracts has not been admitted by the Defendants, and that Travelers's exposure may shift depending on what occurs in the Whiting-Turner litigation or elsewhere. Thus, it argues

that, to the extent Travelers's rights at common law exist beyond the enforced rights in the Indemnity Contracts, Travelers is entitled to a remedy based on those theories.

Quia timet allows "a person to seek equitable relief from a future probable harm," that he or she fears. *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 225 (3d Cir. 2009). "As one would expect, however, it does not under all circumstances allow relief from feared harm that has not yet occurred. Essential to quia timet equity jurisdiction is the absence of an adequate remedy at law." *Id*. Under Pennsylvania law, "the theory of exoneration provides for relief as between the surety and its principal." *Allegheny Plastics, Inc. v. Stuyvesant Ins. Co.*, 200 A.2d 775, 776 (Pa. 1964); *see Etter v. Indus. Valley Bank & Trust Co.*, 515 A.2d 6, 8 n.3 (Pa. Super. Ct. 1986) (internal citations omitted). "When a surety's obligation to pay the principal debt becomes absolute, the surety is entitled in equity to require the principal debtor to make exoneration and the surety may enforce the right by immediate resort to equity to compel the principal to discharge the debt." *Almi, Inc. v. Dick Corp.*, 375 A.2d 1343, 1348 (Pa. Cmwlth. Ct. 1977) (internal citations omitted).

Here, the nature of Quia Timet and Exoneration claims indicates that it would be premature at the motion to dismiss stage given that ongoing claims against the Defendants in other litigation could plausibly result in a probable future harm to Travelers. With respect to WT litigation, Travelers has alleged that it has been joined as a Third-Party Defendant wherein the amount of damages sought is in excess of $2.8 million. (ECF No. 1 at ¶ 68). Should Travelers suffer an adverse result in the WT litigation, it may be entitled to exoneration and quia timet relief in addition to contractual claims. Therefore, Travelers has sufficiently pleaded factual circumstances that entitle it to pursue the common law rights of exoneration and quia timet against Defendants.

Accordingly, Defendants' Motion to Dismiss, as regards as regards Travelers's Exoneration and Quia Timet claim (Count V), will be denied.

ORDER

Following consideration of Travelers's Complaint (ECF No. 1), Defendants' Partial Motion to Dismiss (ECF No. 13), the respective responses and briefs (ECF Nos. 14, 20, 21, and 24), and for the foregoing reasons, Defendants' Motion is denied.

Defendants shall file their Answer to Travelers's Complaint on or before February 8, 2022.

DATED this 25th day of January, 2022.

BY THE COURT:

*(signature)*
MARILYN J. HORAN
United States District Judge