IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2:21-CV-01041-MJH |
| Plaintiff, | | |
| vs. | | |
| BUNTING GRAPHICS, INC., BUNTING STAMP COMPANY, INC., 415 WEST WARRINGTON AVENUE, INC., BUNTING 5720, INC., JOSEPH P. BUNTING, AN INDIVIDUAL AND GENERAL PARTNER OF 415 WEST WARRINGTON AVENUE ASSOCIATES; ANDREW BUNTING, AN INDIVIDUAL AND PARTNER OF 415 WEST WARRINGTON AVENUE ASSOCIATES; JOSHUA BUNTING, AN INDIVIDUAL; AND SHANNON BUNTING, AN INDIVIDUAL; | | |
| Defendants, | | |

**MEMORANDUM ORDER**

On February 21, 2023, the Court convened a video status conference to address a discovery dispute the parties raised in an e-mail communication to the Court. Defendants maintain that they are entitled to certain communications and documents from Travelers. In response to Defendants' discovery requests, Travelers produced a privilege log asserting, inter alia, attorney-client privilege, work product privilege, and confidential settlement communications. Upon consideration of counsel's arguments at the time of the video status conference, the Court hereby orders as follows:

As the Court alluded to during the parties' arguments, in the surety context, Defendants will be bear the burden of establishing the value that Travelers should or should not have paid on Defendants' behalf for the Suffolk surety bond. A surety can stand upon its express contract, and it enjoys considerable discretion to settle claims as long as payments were made in good faith.

*U.S. Fid. & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 583 (M.D. Pa. 1998), aff'd, 185 F.3d 864 (3d Cir. 1999) (citations omitted).  An indemnitor must satisfy the following elements in order to demonstrate that a surety acted in bad faith: 1) the surety lacked a reasonable basis for paying the claims; and 2) the surety knew or recklessly disregarded its lack of a reasonable basis for doing so. *Developers Sur. & Indem. Co. v. BLB Constr., Inc.*, 2008 WL 3819872, at *3, 2008 U.S. Dist. LEXIS 67189, at *8 (W.D. Pa. Aug. 11, 2008) (citing *U.S. Fidelity & Guar. Co. v. Feibus*, 15 F. Supp.2d 579, 584 (M.D. Pa. 1998), aff'd, 185 F.3d 864 (3d Cir. 1999). Bad faith can also be demonstrated by "a showing of recklessness or improper motive such as self-interest or ill will." *Feibus*, 15 F. Supp. 2d at 586 (citing *Polselli v. Nationwide Mut. Auto. Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994)).

The surety contract language and prevailing case law entitles Travelers to a certain degree of deference to pay and settle claims.   While Defendants have avenues of defense, it is not a carte blanche into Travelers' claims decision without some initial showing regarding whether the Suffolk claim should have been paid or for a lower value.  Discovery relative to work product, attorney-client privilege, and confidential settlement communications are neither appropriate nor ripe at this time.

Accordingly, on or before March 14, 2023, Defendants shall highlight portions of Travelers's privilege log for Travelers to further clarify the nature of the document content. Further, on or before March 21, 2023, the parties shall confer and file with the Court a proposed modification of discovery deadlines.

Dated:  February 22, 2023

_____
Marilyn J. Horan
United States District Judge