IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BUNTING GRAPHICS, INC., et al.<br><br>Defendants, | ) ) ) ) ) ) ) ) ) | 2:21-CV-01041-MJH |

**OPINION AND ORDER**

Plaintiff, Joshua Bunting, pro se, has moved for recusal, disqualification, and vacatur pursuant to 28 U.S.C. § 455(a). (ECF No. 120). The matter is now ripe for decision.

Upon review of Mr. Bunting's Motion (ECF No. 120), Traveler's Brief in Opposition (ECF No. 121), and for the following reasons, Mr. Buntings' Motion will be denied.

I. Relevant Standard

Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This section deals with recusal, or disqualification, on the basis of the appearance of partiality, as opposed to actual bias. *See U.S. v. Furst*, 886 F.2d 558, 580 (3d Cir. 1989). Under Section 455(a), recusal is required when a reasonable person, with knowledge of all of the circumstances, would harbor doubts as to the judge's impartiality. *See SEC v. Antar*, 71 F.3d 97, 101 (3d Cir. 1995).

When deciding a motion for recusal under Section 455, the Court need not accept the movant's allegations as true. *Cooney v. Booth*, 262 F. Supp.2d 494, 504 (E.D. Pa. 2003) (citing *In re Martinez–Catala*, 129 F.3d 213, 220 (1st Cir. 1997); *United States v. Greenough*, 782 F.2d

1556, 1558 (11th Cir. 1986) ("Section 455 does not require the judge to accept allegations by the moving party as true"); *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1019–20 n. 6 (5th Cir. 1981)). Instead, the presiding judge may contradict the movant's factual allegations with facts derived from the judge's knowledge and the record. *Id.* (citing *Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 872 F.Supp. 1346, 1349 (E.D.Pa. 1994); *see also Martinez–Catala*, 129 F.3d at 220 ("To the extent that facts are in dispute, factual determinations are made by the judge whose recusal is in question."). In neither case does the Court accept a movant's suspicions, conjecture, speculation or surmises. *Cf. Mims*, 541 F.2d at 417; *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) ("[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which brings into question a judge's impartiality"); *Bumpus v. Uniroyal Tire* Co., 385 F.Supp. 711, 715 (E.D.Pa. 1974) ("Subjective conclusions or opinions that bias or the appearance of impropriety may exist are insufficient to require a judge's disqualification."). And where a motion is not predicated on extrajudicial knowledge of disputed evidentiary facts, the Judge's opinions and remarks must reveal a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible" in order to warrant recusal. *See United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007) (citing *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994) and quoting *Liteky v. United States*, 510 U.S. 540, 555-56, 114 S.Ct. 1147, 127 L.Ed. 2d 474 (1994)).

Finally, judges are not to recuse themselves lightly. Indeed, it is "vital to the integrity of the system of justice that a judge not recuse [herself] on unsupported, irrational or highly tenuous speculation." *Cooney*, 262 F.Supp.2d at 508 (citing *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987)); *see also McCann v. Commc'n. Design Corp.,* 775 F.Supp. 1506, 1523 (D.Conn. 1991). And the judge has an "affirmative duty not to recuse [herself] if the movant fails to

establish a reasonable doubt concerning [her] impartiality." *Grand Entertainment Group Ltd. v. Arazy,* 676 F.Supp.616, 619 (E.D.Pa. 1987).

Section 455 provides the following mandates on disqualification:

> **(b)** [she] shall also disqualify himself in the following circumstances:
>
> **(1)** Where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> **(2)** Where in private practice [she] served as lawyer in the matter in controversy, or a lawyer with whom [she] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> **(3)** Where [she] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> **(4)** [She] knows that he, individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> **(5)** [She] or [her] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> **(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;
> **(ii)** Is acting as a lawyer in the proceeding;
> **(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
> **(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

II. Discussion

Mr. Bunting raises the following arguments for this Court's recusal, disqualification, and vacatur of this Court's Opinion and Order dated June 12, 2025:

- Dickie, McCamey & Chilcote, P.C. (DMC) represents Travelers in this matter. Judge Horan's brother-in-law is represented in a divorce proceeding by DMC.

- Judge Horan served as a judge of the Butler County Court of Common Pleas, and "the ongoing representation by [DMC] that obtained a multi-million-dollar judgment before her of her close family member in her former court creates an appearance that her impartiality might reasonably be questioned."
- Judge Horan's daughter, Lydia H. Caparosa, is an attorney at MacDonald Illig, and her firm has appeared on behalf of Travelers.

The Court shall address each of these allegations in turn.

First, with regard to DMC's representation of family, the Court will clarify that Kevin Caparosa is the undersigned's husband's brother, who was married to the undersigned's former sister-in-law, Lynette Caparosa. Both the undersigned and her husband have had no knowledge or participation in the divorce proceeding. The Court was not aware that DMC represented Kevin Caparosa until Plaintiff's motion. The Court also does not know the name of the DMC attorney representing Kevin Caparosa. Upon filing of the within motion, the Court examined the docket of the divorce proceedings from Butler County and notes that the divorce decree was entered in 2024, and there appear to be no pending proceedings.

In researching this issue, the Court is guided by the statutory language of Section 455, any supporting case law, and advisory opinions from the Administrative Office of the United States Courts. The Court finds no law or guidance that would mandate that it must recuse where a litigant's law firm represented a brother-in-law in an unrelated divorce proceeding. Further, such recusal or disqualification would result from a too tenuous and speculative premise.

Second, with regard to the Court's service in the Butler County Court of Common Pleas, the undersigned served from 1996 and 2018. That service has no bearing on the present case or any other case presently pending in the Butler County Court of Common Pleas. Again, the Court finds no law or guidance that would mandate that it must recuse where a law firm, which represents a litigant before this judge in federal court also represented a client in a state court

where this judge formerly served. This argument in support of Mr. Bunting's motion is too tenuous or speculative to warrant disqualification or recusal.

Finally, with regard to Lydia Caparosa. Ms. Caparosa is an associate attorney at McDonald Illig in Erie, Pennsylvania. To the undersigned's knowledge, Ms. Caparosa has not personally entered her appearance on behalf of Travelers in any case. Even if she had, Advisory Opinion No. 58 of the United States Committee on Codes of Conduct provides some guidance on this topic. Advisory Opinion No. 58 addresses questions "regarding recusal based on employment by a law firm of a relative of the judge." United States Comm. on Codes of Conduct. Op. 58 (June 2009). "If the relative is an associate or non-equity partner and has not participated in the preparation or presentation of the case before the judge, and the relative's compensation is in no manner dependent upon the result of the case, recusal is not mandated." *Id.* But the Committee concluded that "an equity partner in a law firm generally has 'an interest that could be substantially affected by the outcome of the proceeding' in all cases where the law firm represents a party before the court." *Id.* Therefore, "if the relative ... is an equity partner in a law firm that represents a party, the judge must recuse." *Id.*

Here, again as in the other matters raised by Mr. Bunting, the issue of the undersigned's daughter and her employer has no impact on this case. MacDonald Illig[1] does not represent Travelers in this case. Ms. Caparosa is not an equity partner, and she has no personal stake in any of MacDonald Illig's representation of Travelers. Therefore, under Section 455 and the rules of judicial conduct, this Court need not disqualify itself on this basis.

[1] Even though the Court would not be required to do so, the undersigned is not assigned any cases where MacDonald Illig represents a litigant.

Accordingly, based upon the foregoing, Mr. Bunting has not met his burden to warrant this Court's disqualification or recusal under Section 455 or any other rules of judicial conduct. Mr. Bunting's motion is denied.

**SO ORDERED** this 27th Day of October 2026.

Marilyn J. Horan
United States District Judge

CC:

Bunting Graphics, Inc
Bunting Stamp Company, Inc.
415 West Warrington Avenue, Inc.
Bunting 5720, Inc.
Andrew Bunting
Shannon Bunting
Joseph Bunting
Joshua Bunting